## PROPOSED MONITORS

(1)     **Frederick D. Miceli, Esq.**
        1140 Bloomfield Avenue, Suite 230
        West Caldwell, NJ 07006
        Tel: (973) 575-7766
        Fax: (973) 575-9779
        Email: fmicelilaw@verizon.net

(2)     **Aurora Cassirer, Esq.**
        Troutman Sanders LLP
        The Chrysler Building
        405 Lexington Avenue
        New York, NY 10174-0700
        Tel: (212) 704-6249
        Fax: (212) 704-5900
        Email: aurora.cassirer@troutmansanders.com

(3)     **Ian Gazes, Esq.**
        Gazes LLC
        32 Avenue of the Americas, 27th Floor
        New York, NY 10013
        Tel: (212) 765-9000
        Fax: (212) 765-9675
        Email: Ian@GazesLLC.com

## FREDERICK D. MICELI
Attorney at Law

1140 Bloomfield Avenue
Suite 230
West Caldwell, New Jersey 07006
(973) 575-7766
FAX (973) 575-9779

Frederick D. Miceli
Certified by the
Supreme Court of New Jersey
as a Certified Trial Attorney

August 24, 2010

Via Telecopy 1-212-336-1319

Jack Kaufman, Esq.
Senior Trial Counsel
Securities and Exchange Commission
3 World Financial Center
New York, NY 10281-1022

Re:   Potential Appointment as Monitor-Systematic Financial Assoc.

Dear Mr. Kaufman:

Thank you for your inquiry. I am enclosing the Conflicts of Interest and Background Information Form which I have completed.

I am also enclosing my resume. My hourly rate will be $325.00 per hour which is a discount from my regular rate of $350.00 per hour. Based upon the information provided thus far, in order to perform the assignment, I would personally oversee the transactions that will be taking place to ensure that there is a strict and accurate accounting of the proceeds and that they are securely retained by the undersigned. I would also pre-review any and all closing documents ensuring that all searches and/or additional necessary steps are undertaken. I am aware of no conflicts in this matter or any facts that would effect the performance of my duties if I were to be appointed. Thank you for contacting me in this matter.

Very truly yours,

FREDERICK D. MICELI

FDM/tg
Enclosures

## CONFLICTS OF INTEREST AND BACKGROUND INFORMATION

I am providing the Securities and Exchange Commission ("Commission") with the following conflict of interest and background information concerning

Frederick D. Miceli_____, the [Monitor/Receiver/Distribution Fund Administrator/Distribution Consultant] for/concerning Systematic Financial, et al. [insert defendant/respondent name, court/AP case number, if available]. I agree to supplement this information if any of the information herein changes, with thirty days of such change. I agree to provide such other Conflict of Interest information as requested by the Commission or its staff, and to take such steps as reasonably requested by the Commission or its staff in order to mitigate any conflicts that the Commission or its staff determine may exist, in their sole discretion. [Attach additional sheets as necessary.]

· [If provided for a retained professional or other agent:] This information is provided for Jack Kaufman, Esq._____, who serves as the Senior Counsel_____ to the [Monitor/Receiver/Distribution Fund Administrator/Distribution Consultant] in the above referenced case.

Except where otherwise noted, for purposes of the information request below, "you" means you as an individual, as well as your spouse or dependents, and separately, any firm, partnership, joint venture, or other business in which you are an officer or director, or in which you have a substantial financial interest.

Except where otherwise noted, this information is requested for any responsive matters existing during the last five years. Also, if during the course of your duties you become aware of responsive information concerning a potential claimant in the matter listed above, you must promptly supplement your response to disclose that information:

1.      List all contracts, consulting engagements, employment, service as an officer or director, or other work of any kind you have performed for any defendant/respondent in this matter, or any of its parents, subsidiaries, or other affiliates, or any claimant in this matter. Include any responsive matters existing during the last ten years.      None

2.      List any financial interests in or with the defendant/respondent, its parents, subsidiaries, or other affiliates, or any claimant in this matter (e.g., stocks, bonds, options, other debt or equity interests, partnerships, retirement plans).      None

3.      List all other personal or professional relationships or interests in or with the defendant/respondent, its parents, subsidiaries, or other affiliates, or with any of their officers or directors, or any claimant in this matter, not listed above.  None

4.      List all matters in which you have been retained as a Receiver, Monitor, Distribution Fund Administrator, Distribution Consultant, or as a subcontractor, agent or other service provider, in connection with any civil action or administrative proceeding by the Commission.
In SEC vs. N.J. Affordable Homes Corp., et al., United States District Court for District of New Jersey, Civil Action No. 05 Civ 4403 (JLL) I served as General Counsel to the Receiver and Special Counsel to the Trustee in Bankruptcy.

5.    List all other prior or existing cases, matters, or proceedings in which the Commission has an interest, in which you have been retained or served as a witness, consultant, or other expert. In Re: NJ Affordable Homes Corp. Case No. 05-60442 in the U.S. Bankruptcy Court in which I am serving as Special Counsel to the Trustee and bankruptcy is still pending.

6.    Identify any disciplinary proceedings, felony criminal indictment or information (or equivalent formal charge) or a misdemeanor criminal information (or equivalent formal charge), civil proceedings or actions against you personally by any Federal, state, local, or foreign entities and the results of those proceedings. Include any responsive matters regardless of when they arose.   None.

7.    Identify any actual or potential conflicts of which you are aware, regardless of when they arose, that are not identified or addressed in paragraphs 1 through 5 above, but that may affect the performance of your duties under this appointment.   None.

If you believe any of the information provided in response to these requests is non-public or confidential, you may request confidential treatment by the Commission pursuant to the procedures set forth at 17 C.F.R. § 200.83.

None.

**Under penalty of perjury, I declare that I have examined the information given in this statement, and attached hereto, and, to the best of my knowledge and belief, it is true, correct, and complete. I understand that any material misstatements or omissions made by me herein or in any attachments hereto may constitute criminal violations, punishable under 18 U.S.C. § 1001.**

By: _____
                Signature

Name:   Frederick D. Miceli, Esq.

Title: _____

On behalf of: _____
                Monitor/Receiver/Distribution Fund Administrator/Distribution
                Consultant

                _____
                Defendant/Respondent Name, Case No.

2

## CURRICULUM VITAE

FREDERICK D. MICELI
CERTIFIED CIVIL TRIAL ATTORNEY
1140 Bloomfield Ave., Suite 230
West Caldwell, NJ 07006
(973)-575-7766
Fax (973)575-9779
Email – fmicelilaw@verizon.net

**EDUCATIONAL**
**BACKGROUND**

St. Benedict's Preparatory School, Newark, NJ - 1968

Swarthmore College, Swarthmore, PA
B.A., Philosophy - 1972

South Texas College of Law, Houston, Texas –J.D. - 1977
Law Review, Graduated Cum Laude (Ranked 5th in Class),
Winner of four American Jurisprudence book awards for
excellence, Order of the Lytae

Admitted to the Bar of New Jersey and United States
District Court, District of New Jersey - 1977

**EMPLOYMENT**
**HISTORY**

Asst. Corporation Counsel – The City of Newark,
1977 -- 1980
Municipal Prosecutor and Civil Trial Attorney

Gurry, McHugh & Mead, P.A.
83 Hanover Rd.
Florham Park, NJ
1980 – 1987 Civil Litigation, Civil Trial Associate

LAW OFFICES OF FREDERICK D. MICELI
1/1/88 to Present – Civil Litigation

## TRIAL CERTIFICATION

Certified by the New Jersey Supreme Court as a Civil Trial Attorney –
1987 to Present

## PROFESSIONAL HONORS AND ASSOCIATIONS

New Jersey Super Lawyer -- New Jersey Monthly -- 2009, 2010

Co-Chairman -- Essex County Civil Bench and Bar Committee -- 2003 to Present

Founder and Chairman -- Essex County Bar Association Memorial Committee

Member -- New Jersey Supreme Court Arbitration Advisory Committee -- 2005 to present

General Practitioner Achievement Award -- Essex County Bar Association -- 2002

Member -- Essex County Civil Bench and Bar Committee -- 1990 to Present

Program Chairman -- Essex County Arbitration Committee -- 1990 to Present

Member -- Essex County Arbitration Committee -- 1990 to Present

Arbitrator -- Essex County and Morris County Superior Courts -- 1988 to Present

Trustee -- Essex County Bar Association -- 2002 to 2008

Chairman -- Essex County Bar Foundation Fundraisers -- 2003, 2004

Arbitrator -- United States District Court (NJ)

Former Member of Board of Governors of Association of Trial Lawyers of America -- NJ

## PROFESSIONAL INSTRUCTION

Current Arbitrator Trainer for Supreme Court Arbitration Advisory Committee

Current ICLE lecturer

Current lecturer for New Jersey Supreme Court Arbitration Advisory Committee

Guest lecturer at annual Conferences of Association of Trial Lawyers of America -- NJ

Former Lecturer for Professional Education Assoc.

## ARBITRATION AND MEDIATION

Appointed arbitrator by NJ Superior Court in Essex and Morris Counties for Automobile and Personal Injury Arbitration

Appointed to Panel of Arbitrators/Mediators – United States District Court

Former appointed arbitrator of American Arbitration Association

## PUBLIC SERVICE

Former Chairman and Commissioner of Essex County Improvement Authority – 1995 to 1998

Former Member, Essex County Welfare to Work Committee

## CHARITABLE ORGANIZATIONS

Former member of Board of Trustees of Crohn's and Colitis Foundation of America

## CHARITABLE AND VOLUNTEER WORK

2008 6th Grade Girls Basketball Coach – Caldwell, NJ

CYO Girls Basketball Coach 1997 – 2001 – St. Aloysius Church, Caldwell, NJ

CYO Boys Basketball Coach 2001 –2005– Notre Dame Church, No. Caldwell, NJ

Former Recreation Basketball Coach – North Caldwell, NJ

## PERSONAL

Married to Susan, with two children, Amanda, a student at Seton Hall Law School and Daniel, a student at Franklin & Marshall College in Lancaster, PA.

Resides at 66 Roosevelt Boulevard, North Caldwell, New Jersey.

## REFERENCES

Available upon request



Proposal to

**Securities and Exchange Commission**

**Re: Monitor Appointment for Systematic
Financial Services, LLC; Systematic
Financial Associates, Inc.; Systematic
Financial Services, Inc.; and Venetis LLC**

August, 2010

**SUBMITTED BY**

Aurora Cassirer
Troutman Sanders LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0700
212.704.6249

**troutmansanders.com**

TROUTMAN
SANDERS

## Table of Contents

Proposal to the Securities and Exchange Commission

Firm and Practice Overviews                                    Tab 1
    a. About Troutman Sanders LLP
    b. Bankruptcy
    c. Securities Brokerage Firm Representation
    d. Lending & Structured Finance

Attorney Profiles                                             Tab 2
    a. Aurora Cassirer
    b. Brett D. Goodman

AURORA CASSIRER
212.704.6249 telephone
212.704.5900 facsimile
aurora.cassirer@troutmansanders.com

# TROUTMAN SANDERS

TROUTMAN SANDERS LLP
Attorneys at Law
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0700
212.704.6000 telephone
troutmansanders.com

August 25, 2010

Jack Kaufman, Esq.
U.S. Securities and Exchange Commission
New York Regional Office
Three World Financial Center
New York NY 10281-1022

Dear Jack:

You have advised me that the SEC will seek to have the United States District Court in the Southern District of New York appoint a monitor for Sandra Venetis, Systematic Financial Services LLC, Systematic Financial Associates Inc, Systematic Financial Services, Inc., and Venetis LLC ("Venetis"). The SEC staff believes that Venetis has engaged in fraudulent investment activity, including misappropriation of the funds from a number of clients.

The monitor and other professionals will be required to oversee Venetis' operations and administer the business and related assets and provide a preliminary report and recommendation to the court as to whether the entities should be placed into bankruptcy or dealt with within the monitorship in an effort to maximize their value for the clients. The monitor will also investigate and analyze the receipt and disbursement of the investment proceeds, supervise the liquidation and sale of assets, and keep investors/clients informed at all times of developments on a relatively contemporaneous basis.

If selected, I will serve as monitor and will have ultimate responsibility for all aspects of this monitorship. I believe that I am uniquely qualified to be of service in that role, as I have both the business and legal qualifications and experience that are necessary for the position. I am the managing partner of the New York and Newark office of Troutman Sanders, and as such, have significant management and business experience as well as litigation experience in business, securities, bankruptcy, banking, insurance, real estate, employment and professional liability matters. I have served as a monitor, and currently serve as a receiver in an SEC matter. Further, from 1996 through 2004, I served as the Chapter 11 Trustee in connection with a real estate Ponzi scheme where the recovery to unsecured creditors was approximately 35%.

I have had a longstanding commitment to public interest work and I am currently a member of the Departmental Disciplinary Committee for the First Judicial Department and have previously served as a member of the New York State Courts' Commission on Fiduciary Appointments (Birnbaum Commission). In addition, I currently serve on the Board of Directors of New York Lawyers for the Public Interest. My regular hourly rate is $700, but because Troutman Sanders shares my longstanding commitment to public interest, we would be willing to discount my hourly rate as monitor to $250 per hour to reflect a public service discount. My experience is more fully described in Tab 2a.

TROUTMAN
SANDERS

Jack Kaufman, Esq.
August 25, 2010
Page 2

**Philosophy and Approach**

First and foremost, I understand that a monitor serves as a court-appointed fiduciary and is charged with being a good steward of the assets of the monitor estate. While there are many circumstances that cannot be fully controlled, every effort will be made to spend time and money wisely from the very beginning of the case. Therefore, in virtually all planning and recovery efforts, the cost and potential financial benefit of a course of action will be considered when making decisions.

As more specifically described below, the assets that are the subject of the monitorship must be immediately identified and secured, so that there is no inadvertent loss in value simply as a result of the Monitor's appointment. Operating businesses and liquid assets and communicating with the various constituencies will be the highest priority.

Transparency and communication with all constituencies throughout this process is critically important. While much depends on the customs and practices of the specific court in each case, our universal experience is that an informed and engaged judge is critical to a successful outcome. Accordingly, I intend to work very hard to keep the court informed using various formal and informal reporting processes. Similarly, as appropriate within the bounds of active litigation, we communicate regularly with the SEC staff and other parties in the litigation. And, most importantly, we will communicate with investors.

Independent experts will be retained, if necessary, to assist in addressing specific issues.

Finally, because every case is unique and presents different challenges and opportunities, my retained professionals and I will continuously look for creative ways to solve problems, create value and limit the expenses of administration.

**Basic Work Plan**

Without knowing more about the specific business operation of Venetis or the related investment offering involved, it is difficult to provide a detailed work plan designed to address the specific circumstances that we are likely to confront. While a more specific strategy and work plan will be developed as the case unfolds, the following activities are likely to be undertaken:

1. The critical first step will be to take control of Venetis' business operations and secure all assets, including bank accounts to prevent the dissipation, encumbrance or disposal of assets. It will be important to make certain that the *status quo* is preserved and business activities continue uninterrupted. Key employees will be interviewed regarding the current business operations. The monitor will, along with other senior members of the team, engage in active oversight, with existing Venetis employees continuing to conduct the basic business operations.

**TROUTMAN
SANDERS**

Jack Kaufman, Esq.
August 25, 2010
Page 3

2.  A plan for communicating with all employees and other important constituencies will be developed and implemented at the very beginning of the case.  This will include a strategy for dealing with the news media.

3.  The overall business operations will be analyzed and an operating (and, likely, liquidation or restructuring) plan will be developed.  In particular, the true financial condition of the various operating entities needs to be determined relatively quickly, so that a decision and recommendation to the court can be made about whether and how they should be operated and/or restructured, and whether a bankruptcy proceeding would be an appropriate way to address certain issues

4.  The Company's internal accounting and bookkeeping operations will be reviewed and assessed.  It will be particularly important to determine the extent to which funds have been commingled between or among Venetis and its affiliates.  In all likelihood, a team member will immediately take responsibility for managing these functions, including monitoring and personnel decisions.  If replacement personnel are required, various options will be explored, including new hiring, outsourcing or temporary staffing agencies.

**Monitor's Counsel:**

It is contemplated that Troutman Sanders LLP ("Troutman Sanders") will act as legal counsel to the monitor.  Troutman Sanders is a full service international law firm with more than 650 attorneys located in offices throughout the United States, Great Britain and China.  The New Jersey office traces its history back to Parker Chapin, which maintained an office in New Jersey since 2001.  Troutman Sanders has had an office in New Jersey since 2005.

Securities litigators at Troutman Sanders have represented securities brokerage firms in complex law suits and arbitrations involving multi-million dollar claims, as well as numerous other matters of lesser magnitude and complexity involving a wide variety of issues.  Their representations in this area have included matters arising from federal securities disclosure issues, churning, unauthorized trading, "selling away", failures to execute, margin violations, misrepresentations, and employment related issues.  They also have extensive experience representing clients in connection with numerous securities brokerage arbitration and litigation claims relating to all aspects of the "suitability" issue regarding numerous different securities products and types of investors.  In addition, they have wide experience and expertise representing securities brokerage firms in regulatory investigations and proceedings, involving the Securities and Exchange Commission, state regulatory commissions and the self-regulatory organizations.  Through the years, Troutman Sanders has accumulated an extensive library of materials pertaining to the representation of securities brokerage firms, and investment advisors.  These materials, combined with their familiarity with and understanding of claims, enable them to limit the need for research into many issues commonly raised and to handle matters expeditiously and efficiently.  Troutman Sanders has also developed in-house computer expertise to provide litigation support in those actions where computerized support is cost effective.

TROUTMAN
SANDERS

Jack Kaufman, Esq.
August 25, 2010
Page 4

In my previous experience as a receiver and a trustee, my attorneys and I focused on the ongoing issues which include analysis and management of ongoing business operations; insurance; administration of the asset freeze; investor relations; and, claim administration, investigation; turnover actions and asset recoveries; communications with the court and counsel for interested parties; and, litigation. I intend to be in constant communication with my team regarding all significant issues relating to the monitorship.

Other matters handled by Troutman Sanders as Counsel to the Monitor or Receiver include:

SEC v. Kenneth Ira Starr, et al. – This enforcement action was filed in May, 2010 and is currently ongoing.

SEC v. Albert E. Parish, et. al. - This enforcement action was filed by the SEC in April 2007 in the United States District Court for South Carolina. The investment scheme involved five "investment pools" operated for more than ten years by Albert Parish, a prominent economist in Charleston, SC.

SEC v. Pinnacle Development Partners, LLC and Gene O'Neal - This case was filed by the SEC in October 2006 in the United States District Court in the Northern District of Georgia. The subject offering involved the sale of interests in real estate development partnerships.

SEC v. Travis Correll, et. al. This enforcement action was filed in the United States District Court for the Eastern District of Texas in December 2005 by the SEC's Fort Worth office. The subject offering involved a high yield "prime bank" investment which operated as a Ponzi scheme.

**Fees and Expenses**

Troutman Sanders is willing to discount our standard hourly rates by 10%. This is consistent with the "public service discounts" we have given in other SEC cases. My regular hourly rate is $700 per hour (as stated, because of the business/legal nature of my position, we are willing to discount my rate as monitor to $250 per hour and my rate for acting in a legal capacity to $600 per hour). I plan to work with one associate, Brett Goodman, in this matter, who is highly skilled and experienced in matters of this type, and who is currently working with me in a receivership matter. Brett Goodman's regular rate is $315.

We have reviewed the proposed Guidelines for Fee Applications and are confident that we can comply with them. As indicated above, we will likely retain additional professionals and other service providers to assist us. We will assure that these firms also adhere to the Guidelines and will strongly encourage them provide a similar public service discount.

As we put the larger team together, we should have a clear understanding with you and with the court about which service providers are "professionals" requiring a fee application and which ones are "expenses" and/or ordinary business expenses of the ongoing operations. We can discuss this further as the team comes together.

TROUTMAN
SANDERS

Jack Kaufman, Esq.
August 25, 2010
Page 5


We are mindful that the professional fees and other expenses associated with this monitorship will likely be large. We anticipate that the early stages of this case will be labor intensive and require the involvement of experienced professionals in various aspects of the assessment and strategic planning for the case. We will make certain that all those who are meaningfully involved in this effort are acutely aware that the fees and expenses are being paid out of the assets of the Estate. We are committed to being good stewards of those assets


Sincerely,

Aurora Cassirer

**TROUTMAN
SANDERS**

# Firm Overview

Troutman Sanders LLP is an international law firm with more than 650 lawyers and 16 offices in North America, Europe and Asia. Founded in 1897, the firm's heritage of extensive experience, exceptional responsiveness and an unwavering commitment to service has garnered strong, long-standing relationships with clients across the globe. These clients range from multinational corporations to individual entrepreneurs, federal and state agencies to foreign governments, and non-profit organizations to businesses representing virtually every sector and industry.

Troutman Sanders lawyers provide counsel and advice in practically every aspect of civil and commercial law related to the firm's core practice areas: Corporate, Finance, Litigation, Public Law and Real Estate. With more than 50 practice groups focused on specific aspects of these areas, the firm is defined by its considerable knowledge base and proactive approach to addressing legal and business challenges.

### Reputation for Excellence

Consistently listed among the best law firms, recent rankings and achievements for Troutman Sanders include:

- Honored as one of only 30 law firms in The BTI Client Service 30 for best at client service.
- Ranked #75 in the 2008 AmLaw 100 and #56 in the NLJ 250.
- Ranked #1 in 12 Practice Categories in Chambers USA Guide 2008 and received 21 other rankings.

### Offices

| | | | |
|---|---|---|---|
| **ATLANTA**<br>404.885.3000 | **NEW YORK**<br>212.704.6000 | **PORTLAND**<br>503.290.2400 | **SHANGHAI**<br>86.21.6133.8989 |
| **CHICAGO**<br>312.759.1920 | **NEWARK**<br>973.645.0772 | **RALEIGH**<br>919.835.4100 | **TYSONS CORNER**<br>703.734.4334 |
| **HONG KONG**<br>852.2533.7888 | **NORFOLK**<br>757.640.0004 | **RICHMOND**<br>804.697.1200 | **VIRGINIA BEACH**<br>757.687.7500 |
| **LONDON**<br>44.0.20.7038.6650 | **ORANGE COUNTY**<br>949.622.2700 | **SAN DIEGO**<br>619.235.4040 | **WASHINGTON, DC**<br>202.274.2950 |

troutmansanders.com

### Commitment to Diversity

Diversity is an essential part of Troutman Sanders' culture and contributes to the firm's success and ability to grow. Troutman Sanders proudly supports many initiatives that foster an inclusive environment and helps its personnel balance commitments to clients and family.

**TROUTMAN
SANDERS**

# Bankruptcy

### The Practice Group

The Troutman Sanders Bankruptcy Practice Group includes experienced commercial and bankruptcy litigators, as well as attorneys with corporate, lending and accounting backgrounds and experience in workouts and restructurings. They have industry qualifications in many of the sectors which are currently experiencing challenges, e.g., real estate, automotive, utilities, textiles, medical care, technology, motion picture theaters and food service. The Bankruptcy Practice Group has provided client services, nationally, in the following general areas:

- Representing financially troubled businesses in reorganization proceedings under Chapter 11 of the Bankruptcy Code.

- Representing secured creditors in Chapter 11 cases, obtaining release of collateral or repayment of debt in connection with negotiated plans of reorganization.

- Representing committees of unsecured creditors in Chapter 11 cases, including providing litigation services in prosecuting preference and fraudulent conveyance claims of the bankruptcy estate.

- Acting as counsel to lenders where the borrower is encountering financial problems requiring debt restructuring, debt consolidation or alternative financing arrangements.

- Providing advice to lenders regarding documentation of the relationship with their customers, limiting the risks involved should a serious deterioration in financial condition occur.

- Acting as counsel to indenture trustees in financing transactions where bonds are not repaid according to their original terms.

- Assisting clients in the acquisition of assets from insolvent enterprises or bankruptcy trustees.

- Acting as bankruptcy trustee or court-appointed monitor for distressed businesses and conducting asset liquidations.

- Obtaining monitors for businesses or assets to protect lenders from the dissipation of their collateral, pending foreclosure or sale.

- Representing lenders in state court collection actions, suits on promissory notes, foreclosure actions, garnishments and other creditor remedy proceedings.

### Bankruptcy Litigation

Frequently, clients find themselves involved in litigation matters in the bankruptcy courts. Whether they are defendants in preference or fraudulent conveyance claims or are striving to develop their own business through a contest for assets of a bankruptcy estate, the Bankruptcy Practice Group has extensive experience in the substantive areas of bankruptcy law, as well as meaningful training and experience in trial preparation, trial practice and litigation techniques. In the past they have undertaken such tasks as:

TROUTMAN
SANDERS

- Representing the bankruptcy trustee of a major furniture chain to recover fraudulent transfers to insider beneficiaries of a leveraged buy out.

- Defending substantial fraudulent transfer claims brought by a chapter 11 litigation trust arising out of the debtor's purchase of our client's business.

- Defending a regional financial institution in a multi-million dollar lawsuit involving equipment leases which had been rejected in bankruptcy and as to which the enforceability of "hell or high water" clauses was at issue.

- Representing numerous building material suppliers in preference actions brought by a regional building products supplier who had filed a Chapter 11 case.

- Defending a hostile takeover of a conglomerate by a minority shareholder which, as a Chapter 11 Debtor, sought to avoid the terms of a shareholder agreement in its Plan of Reorganization.

- Representing a consumer lender in a class action in bankruptcy court involving charges for non-filing insurance to individual borrowers.

- Representing a major printing company in a preference action brought by the trustee in connection with an escrow arrangement which had been undertaken to minimize preference exposure.

- Serving as counsel to a regional carrier of local telephone service in a national class action brought by a bankruptcy trustee for a long distance re-seller, and successfully negotiating a settlement involving the claims of 320,000 consumers.

**Core Bankruptcy Services**

A main focus of the Bankruptcy Practice Group involves the representation of debtors, creditors and other parties in bankruptcy cases pending in the federal courts. Members of the Group have the specialized knowledge and skills which are required to advise and successfully represent clients before a bankruptcy court. Following are examples of recent traditional bankruptcy representations undertaken by the Group:

- Represented the nation's largest carhaul company, which was a public company, in its Chapter 11 reorganization in Atlanta.

- Represented the nation's largest chain of mental health care facilities in Chapter 11 cases in Delaware.

- Represented a substantial jewel distributor in its Chapter 11 case in New York.

- Represented a major national lender in connection with debtor-in-possession financing in a $200 million retail credit facility and a $100 million textile manufacturing facility in Delaware.

- Acted as counsel to a governmental agency in connection with its lease of land to a debtor shipbuilder's issues included litigation over environmental contamination.

- Represented a consumer product conglomerate in connection with the Chapter 11 case of one of its competitors where issues involved patent infringement and a claim in excess of $200 million.

## TROUTMAN SANDERS

- Appointed as SEC monitor in connection with Chapter 11 liquidation of an offshore bank involving claims by more than five thousand creditors.

- Represented debtors in single asset real estate cases as a method of restructuring existing indebtedness.

- Served as counsel to a major fast food chain in connection with the liquidating Chapter 11 of its sole distributor in Delaware.

- Served as counsel to national waste disposal firm in acquisition of assets from a Chapter 11 Trustee in Florida -- acquisition occurred in a court-held auction.

- Negotiated and successfully closed a pre-packaged $6 million acquisition of a carpet company by a regional firm in a Chapter 11 case in North Carolina.

- Acted as counsel to landlords in retail bankruptcies where substantial lease assignment, rejection and administrative lease claims were involved.

- Successfully confirmed a Plan of Reorganization for a $200 million real estate development venture, involving contested issues among partnership owners and creditors.

### Creditors' Committees

In major Chapter 11 cases, Creditors' Committees play an important role. Troutman Sanders is fortunate to have been selected as counsel to numerous court-appointed committees of unsecured creditors and equity holders. Additionally, members of the Bankruptcy Practice Group have served as counsel to committee members, including the chairs of those committees. As such, Troutman Sanders attorneys understand the fiduciary obligations which may be imposed on committees, the different perspectives which committee members may bring to deliberations, and the need for thorough and prompt communications with committee members. Sample committee representations include the following:

- Served as counsel to Trade Creditors' Committee of a large building products company where trade debt exceeded $100 million -- full payment achieved.

- Served as counsel to Creditors' Committee of a men's suit manufacturer in middle Georgia where trade debt exceeded $5 million and major issues involved an under-funded pension plan.

- Served as counsel to Equity Security Holders' Committee of a North Georgia carpet manufacturer forced to liquidate its real estate holdings in a Chapter 11; after payments of all creditors' claims in full, equity holders realized substantial residual value.

- Served as counsel to Creditors' Committee of manufacturer which had annual revenue of about $75 million and which was insolvent as a result of leveraged buyout. Trade creditors received a dividend of 46% in cash on confirmation.

- Assisted the chairman of the Creditors' Committee for an East Coast chemical production firm to effectively represent both the individual interests of his company in seeking payment of its $6 million claim and further the goals of the unsecured creditor group.

- Served as counsel to individual members of creditors' committees in situations where reclamation, preference or trade secret issues required specialized advice.



**TROUTMAN SANDERS**

### Workouts

In the current business climate, members of the Bankruptcy Practice Group are frequently asked to advise institutional clients and smaller businesses on strategies -- before and after bankruptcy -- to avoid litigation costs and resolve financial issues. Highlights of recent services performed in this area include the following:

- Negotiated the consensual return to the lessor client of six leased aircrafts from an insolvent charter service and documented the agreement in consent orders entered in a state court writ of possession action.

- Resolution through a consensual Chapter 11 plan of a shareholder dispute involving a corporation that services intermodal shipping containers.

- Documented forbearance arrangements which permitted the sale of a 1700 acre plantation in South Georgia, along with cattle and related farming assets, while protecting certain other client assets.

- Implemented inter-creditor agreements among secured creditors and vital suppliers to Georgia convenience store chain so as to avoid bankruptcy and enable pay-down of debt through gradual sale of excess assets.

- Negotiated a $12 million debt restructuring between a large institutional lender and a privately held family entertainment company which positioned the client for accelerated repayment and eventual full prepayment of debt.

### Collections & Routine Matters

In addition to representing creditors in the bankruptcy forum, the Bankruptcy Practice Group also represents creditors in their efforts to collect on their claims outside of the bankruptcy arena. Group attorneys review the documentation describing the nature of the obligation(s) (promissory note, security deed, guarantees, etc.), draft an appropriate demand letter, and, if necessary, file suit in state court to obtain a judgment on the default. In the event the debtor files for bankruptcy protection, the same attorney may represent the creditor in the bankruptcy -- eliminating any "learning curve" that would otherwise result from the transfer of the file.

The Bankruptcy Practice Group frequently represents large commercial businesses in somewhat complicated bankruptcy-related litigation. They also, however, have represented clients with annual sales of less than $1 million, secured claims of less than $500,000 and equity interests that were potentially worthless. Such representations have run the spectrum from contested stay relief litigation to merely filing a proof of claim. For smaller clients in financial distress, they may negotiate a workout with the creditors or arrange for an orderly liquidation without the delay and expense of bankruptcy. Finally, whether the client be large or small, they sometimes merely monitor a bankruptcy case and provide advice either upon request of the client or according to criteria established by the client and the responsible attorney.

### Counseling

The Bankruptcy Practice Group interacts with many other practice groups within Troutman Sanders to provide a full and complete package of advice to clients. Frequently, the Bankruptcy

TROUTMAN
SANDERS

Practice Group is called upon by members of the corporate and lending groups to provide advice on such issues as avoiding fraudulent conveyance or preference liability in connection with pending transactions, perfecting security interests so as to be effective against a bankruptcy trustee, or advising with respect to asset transfers. They have worked with the Firm's tax specialists to provide sound bankruptcy advice and insure that the tax consequences are acceptable as well. Bankruptcy attorneys are often included in the negotiations of real estate transactions to enable clients to anticipate the consequences of financial problems with developers, owners, tenants, or borrowers and provide solutions or options in the documents.

**TROUTMAN**
**SANDERS**

# Securities Brokerage Firm Representation

The New York litigation department of Troutman Sanders LLP, represents clients in a wide variety of business related litigation. We are result-oriented litigators, with a reputation for providing the highest quality service to our clients. We are conscious of the cost of litigation and endeavor to maintain the high quality of our service in conjunction and consistent with our responsibility to provide that service efficiently and in a cost-effective manner.

One area of special expertise for our firm is the representation of securities brokerage firms. We have over twenty-five years of experience in this area, representing both national and regional firms in the full range of matters they face. Our expertise and range of experience have enabled us to develop a well earned reputation for excellence in this area.

We have represented securities brokerage firms in complex law suits and arbitrations involving multi-million dollar claims, as well as numerous other matters of lesser magnitude and complexity involving a wide variety of issues. Our representations in this area have included matters arising from federal securities disclosure issues, as well as claims involving suitability, churning, unauthorized trading, "selling away", failures to execute, margin violations, misrepresentations, and employment related issues. In addition, we have wide experience and expertise representing securities brokerage firms in regulatory investigations and proceedings, involving the Securities and Exchange Commission, state regulatory commissions and the self-regulatory organizations.

Through the years we have accumulated an extensive library of materials pertaining to the representation of securities brokerage firms. These materials, combined with our familiarity with and understanding of claims, enable us to limit the need for research into many issues commonly raised and to handle matters expeditiously and efficiently. We have also developed in-house computer expertise to provide litigation support in those actions where computerized support is cost effective.

By virtue of our depth of experience in the area of securities brokerage firm representation, we are particularly well-qualified to assess realistically and at an early stage the risks inherent in the various types of litigation and regulatory matters securities firms face. In addition, our reputation in the legal community provides a high degree of credibility to the representation of our clients' interests.

Our skill and experience in this area enable us to provide our securities brokerage firm clients with representation which couples high quality legal service with cost consciousness.

TROUTMAN
SANDERS

**Securities Brokerage Related Claims**

**Customer Disputes:  Arbitrations and Court Actions**

1. "Selling Away"
2. Fraud
3. Unauthorized trading
4. Suitability
5. Churning
6. Failure to supervise
7. Domination and control of market for stock
8. Control person liability
9. Mutual funds
10. Variable annuities
11. Damage analysis
12. Class Actions relating to broker-dealer issues

**Industry Issues**

1. Claim based on securities' firms acquisition of Russian-Risk Notes issued by bank
2. Claim based on unauthorized use of securities firm's trademark,  including Lanham Act and unfair competition claims
3. Claim against securities firm based on misrepresentation in connection with foreign bank's execution of DTC ID agreement
4. Claim based on firm's negligence in connection with release of funds as custodian on instruction of brokerage firm
5. Claim based on alleged sale of 50% interest in brokerage firm
6. Claim based on misrepresentations in connection with sale of a securities firm

**SEC, NASD and State Securities Investigations**

1. Insider trading
2. Market Manipulation
3. Excessive mark-ups
4. Fraud
5. Free riding
6. Failure to supervise
7. Focus reports
8. Reports to NASD regarding customer complaints
9. Research analyst reports

**Investment Banking Claims**

1. Class action claims based on market manipulation and common law fraud
2. Class action claims based on Section 10(b) and common law fraud in connection with public offerings
3. Claim based on investment banking agreement with issuer

TROUTMAN
SANDERS

**Employment Matters**

1. Defense and prosecution of employee claims
2. Claim based on bonus compensation in connection with offering

**TROUTMAN
SANDERS**

# Lending & Structured Finance

The Troutman Sanders Lending & Structured Finance Practice Group has more than 20 lawyers dedicated to representing lenders in all aspects of structuring, negotiating, documenting, closing, and working out loan, lease and other credit transactions. The Group's lawyers regularly represent national and regional lenders and borrowers in a wide range of financing types and structures. Their extensive experience and depth of practice enables them to anticipate problems and to propose solutions tailored to the specific needs of the client and the transaction. This problem-solving approach enables clients to achieve their goals within the constraints imposed by the transaction.

**The Practice Group**

The lawyers in the Lending & Structured Finance Practice Group represent clients in a broad range of lending, leasing and financing transactions. The principal components of the Group's practice are corporate lending, asset-based lending, government contract lending, equipment leasing, aircraft financing and borrower representation. The Group's lawyers regularly represent clients in sophisticated financing transactions, including term and revolving credit loans, loans secured by real and personal property (including intellectual property), working capital and acquisition loans, corporate or cash flow loans, syndicated loans, single and multiple currency loans, asset-based loans, loans with warrant or equity co-investments, subordinated debt and mezzanine financing, loan restructurings and workouts, debtor-in-possession financing, equipment leasing, and aircraft financings of all types and structures.

The Group's services include:

- Assisting clients in structuring proposed transactions, addressing matters such as corporate, tax and creditors' rights issues.
- Preparing and negotiating financing commitment letters, term sheets and other preliminary documentation.
- Modifying and restructuring loan transactions, including complex workouts and debtor-in-possession financings.
- Enforcing the client's rights and remedies under loan documents and assisting in the disposition of collateral, including foreclosures under the UCC and private sales of collateral.
- Preparing and negotiating transaction documents such as credit agreements, promissory notes, security agreements, pledge agreements, indemnity agreements, guaranties and legal opinions.
- Analyzing the nature of collateral to determine the steps necessary to perfect liens or security interests, preparing the necessary documentation for such perfection, and filing such documentation in the applicable public records.
- Assisting clients with legal issues associated with multi-national transactions, including collateral issues in foreign jurisdictions, including, the People's Republic of China.

**TROUTMAN SANDERS**

- Assisting clients with the syndication of credit facilities, including preparation and negotiation of assignment documentation, and responding to questions and comments from syndicate members.
- Preparing and negotiating intercreditor agreements and subordination agreements relating to multi-tiered financing transactions.
- Structuring, preparing and negotiating stock warrants, preferred stock purchase agreements and other documents associated with loan equity "kickers" or with venture capital investments.
- Conducting legal due diligence regarding the prospective borrower and working with clients to analyze the results of such due diligence.
- Assisting in loan administration following closing.

**Representative Transactions**

The Lending & Structured Finance Practice Group's engagements include the following:

- Lead counsel to a major national bank, as agent, in a $200 million syndicated debtor-in-possession loan facility to an apparel retailer.
- Counsel to a public company in connection with a $900 million securitization facility.
- Lead counsel to a major national bank, as agent, in a $95 million syndicated loan facility to a major textile company (including a subsequent debtor-in-possession financing).
- Counsel to a public company in connection with the monetization of a $50 million promissory note by a bankruptcy remote subsidiary, and the pledge of the note to collateralize securities issued in a private placement.
- Lead counsel to a major national bank, as agent, in a $225 million secured syndicated credit facility to a coal company.
- Lead counsel to a public company that arranged and provided credit support for a $200 million loan to a foreign subsidiary by a foreign bank. Credit support included guaranties, letters of credit, put and call arrangements and consideration of international tax issues.
- Lead counsel to a major national bank, as agent, in syndicated asset-based credit facilities in the trucking, tobacco, paper, medical products, jewelry, apparel and other industries.
- Lead counsel to a major energy company in a project finance facility to enable the company to emerge from bankruptcy.
- Lead counsel to a finance company, as agent, in numerous syndicated loan facilities involving "roll-up" transactions.
- Counsel to a manufacturer and distributor of farm equipment in a syndicated $350 million multi-currency acquisition financing secured by assets in the U.S., Canada, England, Germany and the Netherlands.
- Lead counsel to U.S. lenders in numerous multi-national secured financing transactions.

TROUTMAN
SANDERS

- Lead counsel to a major broadcasting company in the negotiation of the first leveraged lease of satellite transponders utilizing foreign sales corporation tax benefits.

- Lead counsel to a major national bank, as agent, in a $205 million syndicated government-guaranteed loan facility to a steel company.

- Counsel to a public company in connection with its sale of commercial paper secured by a direct-pay letter of credit, and in connection with the supporting $350 million credit facility that secured a syndicate of banks' reimbursement obligations to the issuing bank.

- Lead counsel to lenders in connection with numerous loans to software companies.

- Lead counsel to a subsidiary of a major foreign bank in connection with acquisition financing of a temporary employee company.

- Lead counsel to a small business investment corporation subsidiary of a major foreign bank in connection with the debt and equity financing for the acquisition of a restaurant chain.

- Lead counsel to a large baking company in the negotiation of a $500 million syndicated loan facility.

- Lead counsel to a large media company in the negotiation of a securitization of advertising and cable receivables.

The Group has significant experience working out troubled assets on sophisticated transactions. A significant number of transactions documented and closed by the Group's attorneys involve the lender's receiving an equity kicker in the form of stock warrants or other equity interests. The Group's attorneys are experienced in structuring these types of transactions and in addressing the issues that are raised by them.



## TROUTMAN SANDERS

### Aurora Cassirer

Managing Partner - New York and Newark Offices

The Chrysler Building
405 Lexington Avenue
New York, New York  10174-0700
212.704.6249 telephone
212.704.5900 facsimile
aurora.cassirer@troutmansanders.com

An experienced trial attorney, Aurora's varied litigation practice has included many business, banking, insurance, real estate, employment and professional liability matters. She has had substantial experience in employment and securities fraud class actions, breach of contract, qui tam, fraud, and valuation actions. She has counseled companies experiencing financial difficulties and has represented various financial institutions, including foreign and domestic banks, seeking to restructure debt. In the area of professional liability, she has prosecuted several legal and accountants malpractice claims and has defended professional liability claims against actuaries and consultants. Aurora served as the Chapter 11 Trustee in a complex bankruptcy case, The Estate of David Schick (1996—2004) which generated various litigations and reported decisions.  She has also represented a number of creditors in a number of bankruptcy cases.

### Representative Experience

Currently acting as Receiver in SEC v. Kenneth Ira Starr, Starr Investment Advisors, LLC, and Starr & Co, LLC, United States District Court for the Southern District of New York, 10 Civ. 4270 (SHS), a fraud case involving numerous claimants and at least $59 million in damages.

Acted as Monitor in SEC v. Kenneth Ira Starr, Starr Investment Advisors, LLC, and Starr & Co, LLC, United States District Court for the Southern District of New York, 10 Civ. 4270 (SHS) from June 1 to June 7, 2010

Acted as Trustee in bankruptcy in connection with a real estate Ponzi scheme where the estate consisted of close to $300 million and recovery to the creditors was approximately 40%. (In re Schick, Chapter 11, Case Nos. 96 B 42902 (SMB), 96 B 43969 (SMB) 96 B 46282 (SMB) (Jointly Administered) Chapter

**Practice Areas**
- Complex Litigation
- White Collar & Government Investigations
- Public Finance
- Securities Litigation
- International
- Israeli Practice
- Greater China Practice

**Education**
- New York University (J.D., 1975)
- Brooklyn College of the City University of New York (B.A., 1972)

**Bar and Court Admissions**
- New York
- New Jersey
- U.S. District Court for the Southern District of New York
- U.S. District Court for the Eastern District of New York
- U.S. Court of Appeals for the Second Circuit
- U.S. Court of Appeals for the Third Circuit
- U.S. Court of Appeals for the Ninth Circuit
- United States Supreme Court

**Bar Activities and Legal Associations**
- New York State Bar Association
- New York State Women's Bar Association
- Member, NYWBA Judiciary Committee
- American Bar Association, Section of Litigation
- Chair, Commercial and Business Litigation Committee (1991—1994)
- Co-Director, Division V—Substantive Areas of Litigation (1994-1996)
- Member, State Justice Initiatives Task Force (1995-1996)
- Co-Chair, Professional Liability Litigation Committee (1996-1999)
- Chair, Real Estate, Property and Probate Litigation (1999-2000)
- Co-Chair, Real Estate and Probate

# TROUTMAN SANDERS

11, Case No. 96 B 45033 (SMB), - United States Bankruptcy Court for the Southern District of New York). Issues included those relating to fiduciary liability, secured transactions, money laundering, tracing of funds to Europe and the Middle East.

Representation of companies including those in the telecom and other industries in connection with securities fraud class actions; (In re Cellular Technical Services Securities Litigation, Master File No. C97-1155WD – United States District Court for the Western District of Washington; In re Nice Systems, Ltd. Securities Litigation, Master File No. 2:01-CV-737 (JAG) – United States District Court for the District of New Jersey; In re TTI Securities Litigation, Master File No. 2:04-CV-04305 (PGS-ES)—United States District Court for the District of New Jersey); Sarit Tamar v. MIND CTI, Ltd. et al., 09 Civ. 7132 (RMB), United States District Court for the Southern District of New York).

Representation of various banks including Citibank, Atlantic Bank of New York, Bank Leumi Trust Company of New York in connection with UCC actions (forged checks, forged endorsements, secured transactions), workouts, restructures and letter of credit issues.

Representation of Board in connection with special investigation under the Foreign Corrupt Practices Act of actions relating to sale of medical devices in Nigeria.

Representation of Fortune 50 Company in connection with a special investigation of employee allegations in connection with due diligence relating to acquisition of a privately held company;

Representation of consulting subsidiary of Fortune 50 insurance broker in connection with claim by union that it had rendered negligent advice which had resulted in under funding of the health and welfare plan.

Representation of reseller of telephone services in connection with breach of contract and fraud action against AT&T Corp. (Telecom International America, Ltd. v. AT&T Corp., Civil Action No. 96 Civ. 1366(AKH) – United States District Court for the Southern District of New York).

Representation of real estate developer in connection with partnership disputes and charges of defalcation by contractor/partner.

Representation of Fortune 50 insurance broker in connection with employee embezzlement and bank negligence issues.

Litigation (2000—2002)
- Member, Commission on Fiduciary Appointments (Birnbaum Commission) (2004-2005)
- Member, Departmental Disciplinary Committee for the First Judicial Department (Supreme Court Appellate Division) (2008-2011)

**Distinctions**
- Listed in Law & Politics' New York Super Lawyers – Metro Edition (2008) for excellence in Business Litigation
- AV Rated, Martindale Hubbell
- 2008 Honoree of the United Way of New York City's Women United in Philanthropy
- Member, Board of Governors of Jerusalem College of Technology (Machon Lev)
- Former President & Member of the Board of Directors, American Friends of Jerusalem College of Technology
- Member, Board of Directors, NY Lawyers for the Public Interest

# TROUTMAN
# SANDERS

Representation of defense industry subcontractor in connection with a *qui tam* action relating to overcharge of transducers (United States *ex rel.* Hyatt v. Northrup Corp., Civil Action No. CV-93-02529-KN – United States District Court for the Central District of California).

Representation of foreign diamond dealer in connection with partnership dispute and charges of IP infringement in a three-week arbitration proceeding.

Representation in arbitration proceedings of seller against a major utility relating to wrongful termination of a contract under a material adverse chance clause.

Represented both plaintiffs and defendants in connection with several major anti-trust actions.

**Speaking Engagements**

*Effects of Globalization on the Legal Profession: Recent Developments in the U.S. in Securities Class Action Pleading Requirements* - International Bar Association and the Israel Bar, Eilat, Israel, June, 2009

*Preventing Malpractice Claims in an Estate Planning and Administration Practice,*; American College of Trust and Estate Counsel 2008 Annual Meeting

*Women in Negotiation - Practical Tips To Strengthen Your Negotiation Skills,* The Association of the Bar of the City of New York

*Collective Actions Under the Fair Labor Standards Act,* Dow Agrosciences Symposium, Indianapolis, Indiana

*Conducting Internal Investigations,* Annual Ethics Award and Ethics Marathon, New York, New York

*Building Shareholder Equity: Executive Compensation and Restrictive Covenants,* The Corporate Lawyering Conference, New York, NY

*Ponzi Schemes and the Bankruptcy Code: Trustee's Netting Model,* New York Society of CPAs, New York, NY

*Who Is The Enemy? Counseling the Client on When, Why and How to Attach (Sue, Sanction) Opposing Lawyers*, ABA Annual Meeting, Toronto, Canada

*How Hotly Contested Litigation Can Evolve from Highly-Leveraged Transactions,* Kahn Consulting, Inc. Third Annual Litigation Conference, New York, NY

*Insurance Coverage for Business Torts,* ABA/ACCA Regional

TROUTMAN
SANDERS

Meeting, New York, NY

*Duels for the Company Jewels: Noncompetition and Trade Secret Litigation,* ABA Annual Meeting, New York, NY

*Forging a Partnership - The Inside/Outside Counsel Relationship in the 90's,* ABA Annual Meeting, New York, NY

*Advanced Litigation Techniques,* Bank Lawyers Association

*The Basics of Loan Restructuring and Workouts,* New York State Bar Association

*Lender Liability in New York: The Recent Experience,* New York State Bar Association

*Hard Proof and Soft Damages: Lost Profits etc.,* ABA Annual Litigation Section Meeting, Chicago, IL

*Avoiding Malpractice/Malpractice Insurance,* ABA Real Property, Probate and Trust Law Section Annual Spring Meeting, Washington, D.C.

*Legal Point of View: Issuing a Bond,* New York State Parking Association Annual Conference, Saratoga Springs, NY

*Parallel Civil and Criminal Proceedings,* American Corporate Counsel, Association/American Bar Association Section of Litigation Regional Meeting, New York, NY

*Certain Techniques to Deal with Obstreperous Witnesses and Effective Ways to Take or Defend A Deposition,* American Corporate Counsel Association/ American Bar Association Section of Litigation Regional Meeting, New York, NY

*The Woman Advocate '95 San Francisco and New York,* ABA Special Conference

Managing Your Time: Juggling Billable Work and Non-Billable Obligations; New Partner Forum, American Conference Institute, New York, NY

**Publications**

*Maximizing the Recovery of assets from the Trustee's Perspective* by Aurora Cassirer and Lee W. Stremba. Appeared in the Financial Fraud Law Report, July/August 2009 edition.

*Truth and Consequences? How to Avoid Employee Claims of Defamation* by Aurora Cassirer Scott Feldman, and Devin M. Ehrlich, *ACC Docket*, September 2006, Volume 24, No. 8.

Litigating as a Class for Overtime Pay by Aurora Cassirer and Scott Feldman, New York Law Journal, February 10, 2003.

WARN Act Compliance in Today's New and Old Economy by

TROUTMAN
SANDERS

Aurora Cassirer and Carly Wee, The Metropolitan Corporate Counsel, January 2001.

The Obligations of a Tenant to Repair Premises by Aurora Cassirer and Shari Garelick, The Metropolitan Corporate Counsel, February-March 1999

**Firm Management Responsibilities**

Member, Executive Committee
Member, Compensation Committee
Managing Partner of the New York Office of Troutman Sanders LLP



## Brett D. Goodman

The Chrysler Building
405 Lexington Avenue
New York, New York  10174-0700
212.704.6170 telephone
212.704.5966 facsimile
brett.goodman@troutmansanders.com

**Practice Areas**
- Bankruptcy

**Education**
- New York Law School (J.D., 2006)
- University of Michigan (B.G.S., James B. Angell Scholar , 2003)

**Work Experience**
- Associate, Troutman Sanders LLP, 2008-present
- Associate, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 2006-2008

**Bar and Court Admissions**
- New York
- New Jersey
- U.S. District Court for the Southern District of New York
- U.S. District Court for the Eastern District of New York
- U.S. District Court for the District of New Jersey

**Bar Activities and Legal Associations**
- American Bankruptcy Institute
- New York State Bar Association
- UJA Young Lawyers Division

Brett D. Goodman is an associate in the firm's Bankruptcy Practice Group. Mr. Goodman's practice focuses on representing committees of creditors and equity security holders, indenture trustees, agents, secured and unsecured creditors, and landlords in bankruptcy cases and out-of-court restructurings. He has also represented purchasers of distressed assets, defendants in avoidance actions, and parties involved in complex federal litigation throughout the United States.

In addition, Mr. Goodman has experience in all aspects of directors' and officers' liability, professional liability, and asbestos coverage and litigation matters.

**Representative Experience**

Representation of Aurora Cassirer, as Receiver in SEC v. Starr

Representation of the Ad Hoc Steering Committee of Project Lenders of Fairfield Residential LLC, et al.

Representation of the Indenture Trustee for First Priority Senior Secured Notes and the Collateral Agent in the ION Media Networks, Inc., et al. chapter 11 cases

Representation of the Ad Hoc Committee of Equity Security Holders in the CanArgo Energy Corporation chapter 11 case

Representation of the Indenture Trustee for Convertible Senior Debentures in the LandAmerica Financial Group, Inc., et al. chapter 11 cases

Representation of the Indenture Trustee for Convertible Senior Subordinated Notes in the Apex Silver Mines Limited, et al. chapter 11 cases

Representation of creditors in the Lehman Brothers Holdings, Inc. et al. chapter 11 cases, including counterparties to

**TROUTMAN
SANDERS**

derivative contracts and plaintiff in adversary proceeding

Representation of a secured bank creditor in the Barber & Ross Company chapter 11 case

Representation of a secured bank creditor in the Gold & Honey (1995) LP chapter 11 and chapter 15 cases

**CONFLICTS OF INTEREST AND BACKGROUND INFORMATION**

I am providing the Securities and Exchange Commission ("Commission") with the following conflict of interest and background information concerning **Aurora Cassirer**, the [Monitor/Receiver/Distribution Fund Administrator/Distribution Consultant] for/concerning **Sandra Venetis, Systematic Financial Services LLC, Systematic Financial Associates Inc, Systematic Financial Services, Inc., and Venetis LLC ("Venetis").**  I agree to supplement this information if any of the information herein changes, with thirty days of such change. I agree to provide such other Conflict of Interest information as requested by the Commission or its staff, and to take such steps as reasonably requested by the Commission or its staff in order to mitigate any conflicts that the Commission or its staff determine may exist, in their sole discretion.  [Attach additional sheets as necessary.]

[If provided for a retained professional or other agent:]  This information is provided for _____, who serves as _____ to the [Monitor/Receiver/Distribution Fund Administrator/Distribution Consultant] in the above referenced case.

Except where otherwise noted, for purposes of the information request below, "you" means you as an individual, as well as any spouse or dependents, and separately, any firm, partnership, joint venture, or other business in which you are an officer or director, or in which you have a substantial financial interest.

Except where otherwise noted, this information is requested for any responsive matters existing during the last five years.  Also, if during the course of your duties you become aware of responsive information concerning a potential claimant in the matter listed above, you must promptly supplement your response to disclose that information:

1.      List all contracts, consulting engagements, employment, service as an officer or director, or other work of any kind you have performed for any defendant/respondent in this matter, or any of its parents, subsidiaries, or other affiliates, or any claimant in this matter.  Include any responsive matters existing during the last ten years.  **NONE**

2.      List any financial interests in or with the defendant/respondent, its parents, subsidiaries, or other affiliates, or any claimant in this matter (e.g., stocks, bonds, options, other debt or equity interests, partnerships, retirement plans).  **NONE**

3.      List all other personal or professional relationships or interests in or with the defendant/respondent, its parents, subsidiaries, or other affiliates, or with any of their officers or directors, or any claimant in this matter, not listed above.  **NONE**

4.      List all matters in which you have been retained as a Receiver, Monitor, Distribution Fund Administrator, Distribution Consultant, or as a subcontractor, agent or other service provider, in connection with any civil action or administrative proceeding by the Commission.

Currently acting as Receiver in SEC v. Kenneth Ira Starr, Starr Investment Advisors, LLC, and Starr & Co, LLC, United States District Court for the Southern District of New York, 10 Civ. 4270 (SHS).

Acted as Monitor in SEC v. Kenneth Ira Starr, Starr Investment Advisors, LLC, and Starr & Co, LLC, United States District Court for the Southern District of New York, 10 Civ. 4270 (SHS) from June 1 to June 7, 2010

5.     List all other prior or existing cases, matters, or proceedings in which the Commission has an interest, in which you have been retained or served as a witness, consultant, or other expert. **NONE**

6.     Identify any disciplinary proceedings, felony criminal indictment or information (or equivalent formal charge) or a misdemeanor criminal information (or equivalent formal charge), civil proceedings or actions against you personally by any Federal, state, local, or foreign entities and the results of those proceedings.  Include any responsive matters regardless of when they arose. **NONE**

7.     Identify any actual or potential conflicts of which you are aware, regardless of when they arose, that are not identified or addressed in paragraphs 1 through 5 above, but that may affect the performance of your duties under this appointment. **NONE**

If you believe any of the information provided in response to these requests is non-public or confidential, you may request confidential treatment by the Commission pursuant to the procedures set forth at 17 C.F.R. § 200.83.

**Under penalty of perjury, I declare that I have examined the information given in this statement, and attached hereto, and, to the best of my knowledge and belief, it is true, correct, and complete.  I understand that any material misstatements or omissions made by me herein or in any attachments hereto may constitute criminal violations, punishable under 18 U.S.C § 1001.**

By:     _____
        Signature

Name:        AURORA CASSIRER
Title:       _____
On behalf of: _____
             Monitor/Receiver/Distribution Fund Administrator/Distribution
             Consultant

             **Sandra Venetis, Systematic Financial Services LLC, Systematic**
             **Financial Associates Inc, Systematic Financial Services, Inc., and**
             **Venetis LLC**
             Defendant/Respondent Name, Case No.



**GAZES LLC**
**ATTORNEYS AT LAW**

32 Avenue of the Americas
Twenty Seventh Floor
New York, New York 10013
Telephone: 212-765-9000
Fax: 212-765-9675
Website: www.gazesllc.com

August 21, 2010

**Via E-Mail**
Jack Kaufman, Esq.
Securities and Exchange Commission

**Re: Sandra Venetis, Systematic Financial Associates LLC, Systematic Financial
Associates Inc., Systematic Financial Services, Venetis LLC**

Dear Mr. Kaufman:

A monitor or receiver has to accomplish several immediate tasks upon
appointment. I have had extensive experience investigating, monitoring and liquidating
similarly situated cases as a panel trustee for more than 19 years. We have four attorneys
in house and I generally retain my firm to provide legal assistance, which is dependent on
the complexity of the case and the players.

If the monitor was to hire outside counsel I would consider retaining among
others Cooley Godard, Wilmer Hale, Paul Weiss, and Cadwalader, Wickersham. I
personally know the partners in each of those firms as I have many cases with or against
their clients over my 19 years as a panel trustee in the Southern District of New York. In
addition I would hire forensic accountants to not only assist in the monitoring of the
operations but also for purposes of tracing the money and assisting in all litigation
matters. I generally look to Marchum/Rachlin or CBIZ Mahoney Cohen or Eisner for
such work. In the past I have hired security guards, such as in the Autotech Leasing cases
where the lenders were missing $300mm, when it was likely the principals would attempt
to destroy records. Pinkerton is always at my disposal should the need arise.

In general, the first task would be to secure and/or take control/monitor the
operations such as accounts, paper and electronic, mail and customer account activities. If
the court appoints a receiver the receiver should identify the assets and client accounts,
liquidate the assets, establish a claims bar date and establish a mechanism for the filing of
proofs of claim, review the claims and promptly remit distributions, which may be based
upon a net equity position. If a monitor is appointed the monitors principal function
would be to oversee all business activities and prepare a detailed report for the Court, but
a monitors tasks are dependent upon the direction set forth in the order of appointment. In
this regard it is imperative that the existing assets are not being hypothecated but rather
secured for the benefit of the customers.

In the event of a liquidation of securities I ordinarily retain Goldman Sachs or Alliance Bernstein to liquidate securities. If the securities are held in client names and there are no claims arising from those client accounts, the client ordinarily provides direction as concerns the disposition of those securities.  In my trustee capacity I have liquidated a bank and securities firm.

I also retain where appropriate a company to manage the claims process such as Garden State, who I am using in the liquidation of the Fortunoff cases. Judge Robert Drain presides over the Fortunoff cases, which is pending in the U.S. Bankruptcy Court for the Southern District of New York. In addition, I generally use MYC Auction Company to conduct auction sales, who is always bonded. I would secure a bond as a monitor/receiver as I do in every trustee case. Presently my bond is approximately $35mm and I hold on account as a Trustee in excess of $35mm. My files and financial records are audited by the General Services Administration and the software programs utilized for the trustee cases are approved by the Justice Department. I would use the same software in a monitor/receivership context.

Where appropriate I would meet with the creditors and establish a mechanism for those people to contact me with questions and concerns. Traditionally I establish as I did in the Enron cases, where I am the trustee for the 90 Day Severance Employee Trusts, a web site for all interested parties to go online and invite those impacted to ask questions or express concerns about the case. We promptly respond to those inquiries. Judge Gonzalez presides over the Enron cases in the United States Bankruptcy Court for the Southern District of New York.

As a panel Trustee I have investigated/managed thousands of cases in New York and other parts of the country. I have the reputation of being practicable, cooperative but appropriately hard lined where necessary. My results are based upon the law and interrelationship of client needs. I have worked closely with the U.S. Attorney and the Attorney Generals of various states in numerous matters including the Autotech cases mentioned above as well as the FBI. Following the money is not an easy task but there are resources to trace funds all around the world and have enlisted the assistance of the US Postal Inspector and the FBI for such assistance in addition to private investigators. I have successfully assisted in the prosecution and sentencing of numerous individuals by reason of their illegal activities.

The above is intended to provide a brief explanation of our capabilities. If I was to be appointed I can implement the attendance of a person to oversee the daily operations in these cases. Securing the operations and putting in place security measures to protect the assets is paramount.

Please do not hesitate to contact me if you have any questions or need additional information.

Very truly yours,

S/Ian J. Gazes

Ian J. Gazes



**32 Avenue of the Americas
Twenty Seventh Floor
New York, New York 10013
Telephone: 212-765-9000
Fax: 212-765-9675
Website: www.gazesllc.com**

August 21, 2010

I am pleased to submit my *curriculum vitae* for consideration as a receiver.

I have been a practicing bankruptcy attorney since 1979, and since 1991, a distinguished member of the Panel of Trustees for the Southern and Eastern Districts of New York[1]. In that capacity, I have served as trustee for many large and complex chapter 11 and chapter 7 cases. I believe that my 29 years of experience as a bankruptcy attorney and 19 years as a trustee provide me with the necessary skills and objectivity to perform the fiduciary duties required of a receiver or monitor essential to an effective investigation and pursuit and recovery of potential void and voidable claims. My office is specifically set up to handle these type of cases and I will comply in all respects with the Billing Instructions For Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission as well as maintain and submit the Standardized Fund Accounting Report. I presently maintain a software program that is approved by the United States Trustee, a branch of the Justice Department, which provides all the information required in the Standardized Fund Accounting Report, and will utilize such software for preparation and submission of any financial reports if I was to be appointed the receiver.

---

[1] I am on active rotation in the Southern District of New York.

Because of the complex nature of the investigation, if I were chosen as the monitor or receiver, I would work closely with the SEC, retain (a) attorneys to prosecute the claims where appropriate, (b) accountants to conduct a forensic examination of the financial affairs of all the parties, and (c) auctioneers to secure the records and take possession of identifiable assets with a view toward liquidating such assets.

My hourly rate is ordinarily $750.00 but for these assignments I discount such hourly rate to $250.00. It does not appear this case would require the services of outside counsel. Therefore I would engage my firm for the legal work or, if necessary and warranted, retain local counsel, who would also charge a public service discount rate. In addition I would retain accountants, who will also charge an hourly rate using a public service discount. Should I retain my firm, the public service discount rate would be the rate customarily charged by law firms in the New York area such that the partner's rate would be between $300 and $350 per hour[2].

I am confident you will be satisfied with my work and would welcome the chance to discuss the engagement in the cases referenced above.

Very truly yours,

S/ Ian J. Gazes

Ian J. Gazes

---

[2] My hourly rate in connection with the Bankruptcy cases in New York City is $750.00.



# Ian J. Gazes

### Gazes LLC, Attorneys at Law

32 Avenue of the Americas, New York, New York 10013
Telephone: 212-765-9000. Facsimile: 212-765-9675
Website: www.gazesllc.com. Email: Ian@GazesLLC.com

Ian J. Gazes has been a distinguished member of the
panel of trustees for the Southern and Eastern Districts of
New York since 1991 and is bonded in both Districts.
Mr. Gazes has played a major role in the liquidation of
"mega" and middle market cases since 1979.  He has
served as trustee or counsel to the trustee in many
notable cases including:

- Enron
- Bethlehem Steel Corporation
- ANC Rental Inc. (Alamo/National rent a car)
- Iridium
- U.S. Office Products
- PSINet Inc.
- Toscany Inc.
- Newmark & Lewis
- Communications Dynamics Inc.
- Autotech Leasing Services LLC
- Charter Financial Securities
- American B&T
- Fortunoffs

In the *Charter Financial Securities* case, Mr. Gazes
liquidated and reconciled thousands of customer
accounts.  As the chapter 7 trustee in the American B&T
case, Mr. Gazes liquidated the bank's customer accounts,
resulting in a 100% distribution to the customers.

In the *Enron* cases, Mr. Gazes is the trustee for the 90-
Day Severance Employee Fund managing over 25
litigation claims.

In the *Autotech Leasing* cases, Mr. Gazes served as the chapter 7 operating trustee. As chapter 7 trustee, Mr. Gazes liquidated over 6,000 leases and recovered in excess of $90M from the liquidation of assets and litigation settlements against such entities as Bombardier Capital, Banco Popular, Sovereign Bank, GECC and Ford Motor Credit. He has also examined and reconciled hundreds of claims.

In addition to serving as a trustee, Mr. Gazes has acted as counsel to the trustee for various liquidating trusts including in the cases of *Bethlehem Steel Corporation, ANC, PSINet, Iridium, US Office Products* and *Communications Dynamics Inc.* In such role, Mr. Gazes managed thousands of avoidance actions, and assisted the various liquidating trustees in claims reconciliation and related matters.

Mr. Gazes is admitted to practice in the State Courts of New York and Georgia, and the United States Districts Courts for the Southern and Eastern Districts of New York, Northern District of California, Northern District of Georgia, and the Second Circuit Court of Appeals. Mr. Gazes is a certified mediator on the Panel of Mediators for the Bankruptcy Court for the Southern District of New York. In addition, Mr. Gazes has served as an adjunct professor at Columbia University, EMBA program, and has been a guest lecturer at the New York University Business School.

Mr. Gazes is a member of the American Bar Association, American Bankruptcy Institute, National Association of Bankruptcy Trustees, New York State Bar Association, Association of the Bar of the City of New York and *Insol*.

Mr. Gazes received a B.B.A. from George Washington University and a J.D. from Potomac School of Law.

## CONFLICTS OF INTEREST AND BACKGROUND INFORMATION

I am providing the Securities and Exchange Commission ("Commission") with the following conflict of interest and background information concerning the Venetis matters/parties. I agree to supplement this information if any of the information herein changes, with thirty days of such change. I agree to provide such other Conflict of Interest information as requested by the Commission or its staff, and to take such steps as reasonably requested by the Commission or its staff in order to mitigate any conflicts that the Commission or its staff determine may exist, in their sole discretion.

Except where otherwise noted, for purposes of the information request below, "you" means you as an individual, as well as any spouse or dependents, and separately, any firm, partnership, joint venture, or other business in which you are an officer or director, or in which you have a substantial financial interest.

Except where otherwise noted, this information is requested for any responsive matters existing during the last five years. Also, if during the course of your duties you become aware of responsive information concerning a potential claimant in the matter listed above, you must promptly supplement your response to disclose that information:

1.      List all contracts, consulting engagements, employment, service as an officer or director, or other work of any kind you have performed for any defendant/respondent in this matter, or any of its parents, subsidiaries, or other affiliates, or any claimant in this matter. Include any responsive matters existing during the last ten years.

2.      List any financial interests in or with the defendant/respondent, its parents, subsidiaries, or other affiliates, or any claimant in this matter (e.g., stocks, bonds, options, other debt or equity interests, partnerships, retirement plans).

3.      List all other personal or professional relationships or interests in or with the defendant/respondent, its parents, subsidiaries, or other affiliates, or with any of their officers or directors, or any claimant in this matter, not listed above.

4.      List all matters in which you have been retained as a Receiver, Monitor, Distribution Fund Administrator, Distribution Consultant, or as a subcontractor, agent or other service provider, in connection with any civil action or administrative proceeding by the Commission.

5.      List all other prior or existing cases, matters, or proceedings in which the Commission has an interest, in which you have been retained or served as a witness, consultant, or other expert.

6.      Identify any disciplinary proceedings, felony criminal indictment or information (or equivalent formal charge) or a misdemeanor criminal information (or equivalent formal charge), civil proceedings or actions against you personally by any Federal, state, local, or foreign entities and the results of those proceedings. Include any responsive matters regardless of when they arose.

7.      Identify any actual or potential conflicts of which you are aware, regardless of when they arose, that are not identified or addressed in paragraphs 1 through 5 above, but that may affect the performance of your duties under this appointment.

If you believe any of the information provided in response to these requests is non-public or confidential, you may request confidential treatment by the Commission pursuant to the procedures set forth at 17 C.F.R. § 200.83.

**Under penalty of perjury, I declare that I have examined the information given in this statement, and attached hereto, and, to the best of my knowledge and belief, it is true, correct, and complete.  I understand that any material misstatements or omissions made by me herein or in any attachments hereto may constitute criminal violations, punishable under 18 U.S.C. § 1001.**

By:        _____
           Signature

Name:        _IAN GAZES_____

Title:        _____

On behalf of:   _____
                Monitor/Receiver/Distribution Fund Administrator/Distribution
                Consultant

                _____
                Defendant/Respondent Name, Case No.

2