**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------------x

Securities and Exchange Commission,

                                Plaintiff,

                  - against -

Sandra Venetis, Systematic Financial Services, Inc.,
Systematic Financial Associates, Inc., and Systematic
Financial Services, LLC,

                              Defendants,

                - and -

Venetis LLC, Jennifer Venetis, and Kenneth Persley,

                        Relief Defendants.

-------------------------------------------------------------x

RECEIVED

SEP 0 3 2010

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

10 Civ. 4493 ( JAP

**ECF CASE**

RECEIVED

SEP 0 2 2010

AT 8:30,
WILLIAM T. WALSH, CLERK _____ M

### JUDGMENT AS TO DEFENDANTS SANDRA VENETIS, SYSTEMATIC FINANCIAL SERVICES, INC., SYSTEMATIC FINANCIAL ASSOCIATES, INC., AND SYSTEMATIC FINANCIAL SERVICES, LLC, AND RELIEF DEFENDANT VENETIS LLC

The Securities and Exchange Commission having filed a Complaint, and

defendants Sandra Venetis, Systematic Financial Services, Inc., Systematic Financial

Associates, Inc., and Systematic Financial Services, LLC (collectively, "Defendants"),

and relief defendant Venetis LLC ("Relief Defendant"), through their attached consents

("Consents"), having entered a general appearance; consented to the Court's jurisdiction

over Defendants and Relief Defendant and the subject matter of this action; consented to

entry of this Judgment without admitting or denying the allegations of the Complaint

(except as to jurisdiction); waived findings of fact and conclusions of law; and waived

any right to appeal from this Judgment:

1

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and

Defendants' agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly,

Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C.

§ 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any

means or instrumentality of interstate commerce, or of the mails, or of any facility of any

national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a

material fact necessary in order to make the statements made, in the light of the

circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or

would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendants and Defendants' agents, servants, employees, attorneys, and all persons in

active concert or participation with them who receive actual notice of this Judgment by

personal service or otherwise are permanently restrained and enjoined from violating

Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in

the offer or sale of any security by the use of any means or instruments of transportation

or communication in interstate commerce or by use of the mails, directly or indirectly:

2

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendants Sandra Venetis and Systematic Financial Associates, Inc. and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b)     to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in

3

active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay disgorgement of ill-gotten gains, on a joint and several basis, plus

prejudgment interest thereon, and a civil money penalty, and Relief Defendant shall pay

disgorgement of ill-gotten gains plus prejudgment interest thereon, pursuant to Section

20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act

[15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].

The Court shall determine the amounts of the disgorgement and civil penalty upon

motion of the Commission.  Prejudgment interest shall be calculated from January 1,

1997, based on the rate of interest used by the Internal Revenue Service for the

underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection

with the Commission's motion for disgorgement and/or civil money penalties, and at any

hearing held on such a motion: (a) Defendants and Relief Defendant will be precluded

from arguing that Defendants did not violate the federal securities laws as alleged in the

Complaint; (b) Defendants and Relief Defendant may not challenge the validity of their

Consents or this Judgment; (c) solely for the purposes of such motion, the allegations of

the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may

determine the issues raised in the motion on the basis of affidavits, declarations, excerpts

of sworn deposition or investigative testimony, and documentary evidence, without

regard to the standards for summary judgment contained in Rule 56(c) of the Federal

Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement

and/or civil penalties, the parties may take discovery, including discovery from

appropriate non-parties.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pending a

final disposition of this action, the Defendants and Relief Defendant, and each of their

5

officers, agents, servants, employees, and attorneys, and those persons in active concert

or participation with them who receive actual notice of this Order by personal service,

facsimile service, telephonic notice, notice by electronic mail, or otherwise, and each of

them, hold and retain within their control, and otherwise prevent, any withdrawal,

transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of

any assets, funds, or other property (including money, real or personal property,

securities, commodities, choses in action, business interests, or other property of any kind

whatsoever) of, held by, or under the control of the Defendants or Relief Defendant,

whether held in their names or for their direct or indirect beneficial interest wherever

situated, in whatever form such assets may presently exist and wherever located, and

directing each of the financial or brokerage institutions, debtors and bailees, or any other

person or entity holding such assets, funds, or other property of Defendants or Relief

Defendant, to hold or retain within its control and prohibit the withdrawal, removal,

transfer, or other disposal of any such assets, funds, or other properties, including, but not

limited to, all assets, funds, or other properties held in the following accounts:

| Financial Institution | Account Number | Account Name |
| --- | --- | --- |
| Bank of America | 009000911947 | Systematic Financial Services, Inc. |
| PNC Bank | 80-2968-3112 | Systematic Financial Associates |
| PNC Bank | 80-3888-2391 | Systematic Financial Services LLC |
| PNC Bank | 80-2586-1153 | Systematic Financial Services LLC |
| JP Morgan Chase | 5222760020036580 | |
| Wachovia | 1010042721239 | Sandra Venetis |

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

Defendants and Relief Defendant each file with this Court and serve upon plaintiff

Commission, within thirty (30) days of the date of this Order, or within such extension of

time as the Commission agrees to, a verified written accounting, signed by each

Defendant and Relief Defendant (or a responsible officer thereof), and under penalty of

perjury, of:

(1)     All assets, liabilities, and property currently held, directly or indirectly, by

or for the benefit of such Defendant or Relief Defendant, including, but

not limited to, bank accounts, brokerage accounts, investments, business

interests, loans, lines of credit, and real and personal property wherever

situated, describing each asset and liability, and its current location and

amount;

(2)     All money, property, assets, and other income received by such Defendant

or Relief Defendant, or for her or its direct or indirect benefit, in or at any

time from January 1, 1997, to the date of the accounting, describing the

source, amount, disposition, and current location of each of the items

listed;

(3)     All money, property, assets and other income transferred from such

Defendant or Relief Defendant, including transfers to any bank account,

brokerage account, or other account, or to any individual, or entity, in or at

any time from January 1, 1997 to the date of the accounting; and

(4)    The names and last known addresses of all bailees, debtors, and other

persons and entities which are currently holding the assets, funds, or

property of such Defendant or Relief Defendant.

Upon prior approval by the Commission and the Monitor appointed under paragraph IX

below, Defendants and Relief Defendant may apply to the Court for reimbursement of

reasonable expenses incurred in preparing the required accountings.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendants

and Relief Defendant, and any person or entity acting at their direction or on their behalf,

are enjoined and restrained from destroying, altering, concealing, or otherwise interfering

with the access of the Commission to any and all documents, books, and records that are

in the possession, custody, or control of the Defendants or Relief Defendant, their

respective officers, agents, servants, employees, and attorneys, and those persons in

active concert or participation with them, that refer, reflect, or relate to the allegations in

the Complaint in this action, including, but not limited to, documents, books, and records

referring, reflecting, or relating to the Defendants' and Relief Defendant's finances or

business operations, or the offer, purchase, or sale of any securities offered or sold by or

through the Defendants and Relief Defendant and the use of proceeds therefrom.

## IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pending

further order of this Court, _Joshua Markowitz, Esq._ be, and hereby is, appointed to

act as a monitor ("Monitor"), to help ensure Defendants' and Relief Defendant's

compliance with this Judgment and Order, to monitor Defendants' and Relief

8

Defendant's assets, to help protect the interests of Defendants' clients, and to assess the reasonableness of any proposed sale of Defendants' and Relief Defendant's assets.  To enable the Monitor to perform his/her functions, and to report to the Court and parties periodically concerning the status of Defendants and Relief Defendant and their assets, the Monitor is hereby empowered to:

    A.    have full and complete immediate access to the books and records, or other financial documents, of Defendants and Relief Defendant, for the purpose of conducting an accounting or other reasonable purpose necessary to protect Defendants' clients;

    B.    have the full and complete ability to interview Defendants and Relief Defendant, including any and all principals, officers, employees, agents, consultants of, or anyone who is otherwise associated with, Defendants and Relief Defendant;

    C.    review and monitor any purchases or sales of securities and commodities contracts in any client account of Defendants or Relief Defendant, and if necessary, to engage and employ persons, in his/her discretion, to assist him/her in carrying out his/her duties and responsibilities hereunder, including a registered investment adviser;

    D.    review and monitor instructions to custodians for securities or bank accounts controlled by Defendants or Relief Defendant or over which Defendants or Relief Defendant, or their principals, officers, employees or agents have discretionary authority;

9

E.    review and monitor client requests to purchase, sell, transfer or redeem any securities or funds in accounts for which Defendants or Relief Defendant serve as an investment adviser, or over which any of Defendants' or Relief Defendant's principals, officers, employees or agents exercise discretionary authority;

F.    review and monitor bills or invoices sent to Defendants or Relief Defendant and any expenditure that Defendants or Relief Defendant seek to make;

G.    determine the names and addresses of all of Defendants' clients, and how their funds were invested by Defendants, including, but not limited to, the amount of funds they had invested, the type of investments held, where their investments were held, and who had discretionary authority over their accounts;

H.    determine the location and amount of all assets, liabilities, and property of Defendants and Relief Defendant, whether held directly or indirectly by or for Defendants or Relief Defendant or for their direct or indirect benefit;

I.    determine the source, amount, disposition and location of all money, property, assets, or other income received by Defendants and Relief Defendant, or for their direct or indirect benefit, from January 1, 1997 to the present;

J.    determine all money, property, and assets transferred by Defendants and Relief Defendant to any person or entity from January 1, 1997 to the

active concert or participation with them who receive actual notice of this Order by

personal service or otherwise.

XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants'

and Relief Defendant's Consents are incorporated herein with the same force and effect

as if fully set forth herein, and that Defendants and Relief Defendant shall comply with

all of the undertakings and agreements set forth therein.

XIV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this

Judgment.


Dated: Sept 2 , '10



_____

UNITED STATES DISTRICT JUDGE


13