UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES and EXCHANGE COMMISSION, | Civil Action No. 10-Civ-4493 (JAP) |
| Plaintiff, | |
| vs. | **RECEIVER'S FINAL STATUS REPORT** |
| Sandra Venetis, Systematic Financial Services, Inc., Systematic Financial Associates, Inc., and Systematic Financial Services, LLC, | |
| Defendants, | |
| vs. | |
| Venetis LLC, Jennifer Venetis and Kenneth Persley, | |
| Relief Defendants. | |

By Order dated September 2, 2010, I was appointed Monitor in the above matter.  I was appointed Receiver on October 1, 2010.  The Order of Appointment directed the Receiver to marshal and preserve all of the assets of the Defendants Sandra Venetis, Systematic Financial Services, Inc., Systematic Financial Associates, Inc. and Systematic Financial Services, LLC.

Sandra Venetis was the principal and sole owner of Systematic Financial Associates (SFA), an investment adviser registered with the SEC.  She was also the principal and sole owner of Systematic Financial Services (SFS), which had an accounting practice.  Ms.Venetis created one-year notes, purportedly signed by medical doctors which paid from 6% to 11% interest. These notes were guaranteed by Systematic Financial.  The notes were phony; created by Sandra Venetis to obtain funds from her clients:  a classic Ponzi scheme.

EXHIBIT "A"

When the SEC learned of the defrauding of investors it filed a complaint in the U.S. District Court, had a Monitor appointed and with the assistance from the FBI, shut down the business and enterprise of Sandra Venetis, SFS, and SFA.

By Order dated September 30, 2010, the firm of Markowitz Gravelle, LLP was appointed as counsel to the Receiver.

By Order dated October 26, 2010, Bederson & Co was appointed Accountant to the Receiver which Order was supplemented by Order dated April 25, 2011.

The Receiver filed on or about August 2011 an initial Status Report detailing his efforts to liquidate the assets of this estate.

The Receiver filed a First Interim Fee Application for services rendered by Markowitz Gravelle, LLP (now known as Markowitz O'Donnell, LLP), attorneys for the Receiver, for the period October 1, 2010 through June 30, 2011.    An Order was entered approving said fee application, and Markowitz Gravelle, LLP was paid the sum of $82,662.50 for services rendered, plus $1,089.29 for expenses during that period of time.

In addition, the Receiver filed a Second Interim Fee Application for services rendered by Markowitz Gravelle, LLP, attorneys for Receiver, for the period July 1, 2011 through July 31, 2012.   An order was entered approving said fee application and Markowitz Gravelle, LLP was paid the sum of $65,305.00.

In addition, the Receiver filed a Third Interim Fee Application for services rendered for the period 7/9/12 through 12/18/12.   An order was entered approving said fee application in the sum of $23,182.50.

The Receiver has filed his Final Fee Application for the period December 26, 2012 through October 15, 2013 seeking a fee allowance in the amount of $36,080.00.

EXHIBIT "A"

The accountants for the Receiver, Bederson, LLP, filed two interim fee applications totaling $92,609.34, and has been paid to date the sum of $64,951.03.   They have simultaneously herewith filed a third and final fee application in the sum of $6,286.80 and payment of the 20% held back from their first two interim fee applications in the amount of $27,658.31, for a total of $33,945.11.

Since the filing of the Receiver's previous status report for the period ending December 31, 2012:

1.     The Receiver continued to litigate the adversary proceeding it filed against Henry & Hannay Wealth Management, LLC, Angela Henry and David Robert Hannay.  The Receiver conducted depositions and served notices to produce documents.  The information obtained from that discovery led to the Receiving filing a motion for summary judgment to settle the question of liability, after which, unless a settlement could be agreed upon, a trial would commence as to damages.   After several unsuccessful attempts to settle the litigation and after the filing of the summary judgment motion, the parties agreed to mediation.    Following mediation, several settlement discussions were had.    Ultimately, a hearing was not held on the Receiver's motion for summary judgment and the Receiver was successful in settling the litigation for the sum of $100,000.00 and the matter was dismissed.

2.     The Receiver requested from the accountants an opinion as to whether or not additional analyses should be performed to generate additional proceeds for the Victim's recovery.  Their conclusion was that there were no other cost effective analyses that could be done.  Annexed hereto as Exhibit "1" is a letter from Bederson LLP dated September 4, 2013.

EXHIBIT "A"

3.      Based on the foregoing, it is the Receiver's position that there are no further assets to be liquidated and, therefore, he is now in the process of winding down the administration of the case.

4.      The Receiver is filing a Motion for an Order approving this Final Status Report, the final Fund Accounting Report, Turnover of Funds and Discharge of Receiver.

/s/*Joshua Markowitz*
Joshua Markowitz, Esq.
Receiver



September 4, 2013

Joshua Markowitz, Esq.
Markowitz Gravelle, LLP
3131 Princeton Pike
Lawrenceville, NJ 08648

Re:  SEC vs. Sandra Venetis et al
     Case No. 10-CIV-4493 (JAP)

Dear Mr. Markowitz:

As you are aware and as instructed by you, we analyzed the Systematic Financial Services, Inc. bank account activity from as early as 2005 through August 2010 in connection with the investor files provided by your office, the SEC and Ms. Sandra Venetis (through her attorneys) to independently identify potential recoveries from individual investors who received more funds through Venetis' scheme than they provided.

Our review of individual investor files gave clear indication that Venitis' scheme dated back to the late 1990s and continued until the SEC stepped in.  We were provided investor files from three sources including your office, the SEC and by Venitis herself through her attorneys.  We also obtained schedules of alleged deposits and disbursements to individual investors prepared by Venitis and one prepared by the SEC.  The accounting records included in the investor files were a mess and undecipherable making it virtually impossible to reconstruct an accounting of the flow of funds.  It wasn't until we obtained individual bank statements, cancelled checks and deposit slips from the SEC were we able to construct our own independent analysis.  The analysis was limited to the period beginning in 2005 since bank records were not available for an earlier period.

We forwarded you our analysis of the individual investors' activity we reviewed in August 2011.

Exhibit "1"

Re:  SEC vs. Sandra Venetis
Page 2

From our perspective, there is no other cost effective analyses that can be done to benefit the Victims' recovery.

Thank you.

Very truly yours,

Sean Raquet, CPA, CFE

